May 5, 2023

**Supreme Court**

No. 2023-66-Appeal.
(K 19-1687)

Lauren Nagel          :

v.          :

Joshua Nagel.          :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Lauren Nagel                                    :

v.                                    :

Joshua Nagel.                          :

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Long, for the Court.**  The defendant father, Joshua Nagel (father or defendant), appeals on an expedited basis from a January 25, 2023 decree of the Family Court in favor of the plaintiff mother, Lauren Nagel (mother or plaintiff). The Family Court's decree granted the plaintiff's motion for relief after final judgment and permitted the plaintiff to vaccinate the parties' two minor children for COVID-19 consistent with the recommendation of the children's pediatrician.[1]  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that we may decide this

---

[1] Following the Family Court's decree, on January 25, 2023, defendant filed an emergency motion for a stay pending appeal, which this Court granted.

case without further briefing or argument.  For the reasons set forth in this opinion, we affirm the decree of the Family Court.

## Facts and Procedural History

This emergency appeal arises out of the parties' divorce proceedings in Family Court.  On September 17, 2020, the Family Court entered a final judgment of divorce between the parties that (1) provides for joint legal custody of their two preadolescent daughters, requiring the parties to share in all major decisions regarding their children's health, including elective medication choices; and (2) grants plaintiff primary physical placement of the children.  Additionally, a marital settlement agreement was incorporated but not merged into the final judgment of divorce, "except for those provisions related to children custody, visitation and support."[2]  The final judgment sets forth several detailed provisions governing the children's custody and visitation, along with provisions specifying more granular aspects of their parenting relationship.  With respect to the children's medical treatment, the final judgment provides that "[n]either party shall unreasonably withhold his or her consent to medical treatment for the children or the administration of medication recommended by the pediatrician of the children."

---

[2] The provisions related to custody, visitation, and support of the minor children contained in the final judgment of divorce are identical to those enumerated in the parties' marital settlement agreement.

On March 17, 2022, plaintiff filed a motion for relief after final judgment seeking (1) the Family Court's permission to vaccinate both children for COVID-19, consistent with the recommendation of the children's pediatrician; and (2) an award of full custody of the minor children, specifically with respect to final decision-making authority over their medical care.[3]  The defendant filed an opposition to plaintiff's motion and a cross-motion to prevent the children's vaccination; the Family Court thereafter ordered the parties to submit pretrial memoranda outlining their respective positions.  At trial, the parties submitted deposition transcripts from Colleen Powers, M.D. (Dr. Powers), the children's pediatrician, and Andrew Bostom, M.D. (Dr. Bostom), a medical doctor and epidemiologist whom defendant retained as an expert.

A justice of the Family Court held an expedited bench trial on December 6, 2022, during which she admitted twenty exhibits, including the deposition testimony from Drs. Powers and Bostom, and heard testimony from both parties.  Based on the absence of any identified errors in the trial justice's findings of fact, we confine our factual recitation to the trial justice's decision and include additional facts in our discussion of the issues.

---

[3] The plaintiff's motion also included a prayer for relief that sought to enroll their children in counseling, a matter that is not before this Court.

After the trial concluded, the trial justice issued a thorough written decision finding that both parties chose Dr. Powers together and that neither party had objected to any previous recommendations. Based on these findings, the trial justice ultimately permitted plaintiff to follow Dr. Powers's recommendation and vaccinate the children for COVID-19. The trial justice determined that defendant's refusal to follow the advice of Dr. Powers and his opposition to his children's receipt of the COVID-19 vaccine was not objectively unreasonable behavior, and therefore declined to hold him in contempt. In balancing the evidence before her, the trial justice highlighted the lack of uniformity of expert opinion regarding whether children should receive the COVID-19 vaccine and acknowledged the expertise of the American Academy of Pediatrics (AAP), the Centers for Disease Control (CDC), and the Association of American Physicians and Surgeons (AAPS).

However, the trial justice rejected defendant's argument that his vaccination preference should prevail based on the language of the final judgment. Further, the trial justice noted that the final judgment does not contain language directing a particular outcome in this matter or divesting the Family Court of the decision-making authority to resolve this dispute. Additionally, after consulting the factors outlined in *Pettinato v. Pettinato*, 582 A.2d 909 (R.I. 1990), the trial justice rejected plaintiff's request for full legal custody and final decision-making authority with respect to the children's medical care.

After reviewing the evidence presented by the parties, the trial justice concluded that, under the totality of circumstances, it was in the children's best interests to give plaintiff the decision-making authority over their COVID-19 vaccination status and any future boosters. The trial justice further determined that plaintiff must continue to follow the recommendations of Dr. Powers and to provide updates to defendant on the development of their vaccination status. In reaching this decision, the trial justice relied on several factors such as the children's primary physical placement with plaintiff; the fact that Dr. Powers serves as their first and only pediatrician; the fact that the parties have never disputed a previous recommendation made by Dr. Powers; and that one of the children suffers from allergies and, to a certain extent, defendant has downplayed their severity.

The trial justice also credited the fact that Dr. Powers has personal experience with both children, along with her knowledge of their medical history in addition to her general experience and expertise surrounding vaccinations. She further noted that Dr. Powers's recommendations are consistent with guidance provided by the AAP and the CDC. Finally, the trial justice noted that neither child has an underlying health condition that would contradict the vaccination, one child has an increased risk of respiratory compromise due to her asthma, and neither child has had an adverse reaction to any prior vaccine.

With respect to Dr. Bostom, the trial justice noted that he identified two serious but rare adverse effects that could result from the COVID-19 vaccination and highlighted the fact that the AAPS recommended that the CDC refrain from adding this vaccine to the childhood immunization schedule. The trial justice also noted that Dr. Bostom possesses a limited knowledge of the children in this case; that he has never met or treated either child, or reviewed their medical records; and that he provided general expert testimony related to COVID-19. She further noted that he too acknowledges the authority of the CDC and the AAP and that he concedes that defendant's specified concerns regarding serious side effects are extremely rare and unlikely to affect the children because of their age and sex. Finally, the trial justice noted that, in the event Dr. Powers changes her recommendation when they are eligible for a booster shot, plaintiff cannot unilaterally allow the children to receive the booster without defendant's consent or court approval.

On January 25, 2023, the Family Court entered a decision and judgment. The defendant filed a timely notice of appeal and this Court ordered an expedited briefing and hearing schedule.

## Standard of Review

This Court will affirm the Family Court justice's award concerning custody and the best interests of the child unless the trial justice's factual findings overlooked or misconceived material evidence or were otherwise clearly wrong. *Leon v.*

*Krikorian*, 271 A.3d 985, 989 (R.I. 2022). "Consequently, unless it is shown that the trial justice either improperly exercised his or her discretion or that there was an abuse thereof, this Court will not disturb the trial justice's findings." *Vieira v. Hussein-Vieira*, 150 A.3d 611, 615 (R.I. 2016) (quoting *Palin v. Palin*, 41 A.3d 248, 253 (R.I. 2012)). When reviewing questions of law in Family Court appeals, this Court employs a *de novo* standard of review. *Tsonos v. Tsonos*, 222 A.3d 927, 932 (R.I. 2019).

**Discussion**

The defendant specifies two errors contained in the Family Court's decision and requests that this Court continue to stay the decision pending full briefing.[4] First, defendant argues that the trial justice erred in conducting a best-interests-of-the-child analysis after finding that he acted reasonably in accordance with the final decree. Second, defendant asserts that the trial justice failed to articulate and apply the *Pettinato* factors in reaching her decision, which amounted to a change in custody. We disagree with both assertions of error on the part of the trial justice.

General Laws 1956 § 8-10-3 establishes the Rhode Island Family Court and serves as its original grant of jurisdiction. Section 8-10-3(a) grants the judicial

---

[4] Based on our resolution of this matter without additional briefing, defendant's request for a further stay is moot and we decline to reach defendant's arguments related to this request.

officers of the Family Court the authority to hear and determine all motions concerning equitable matters arising out of the family relationship. *See* § 8-10-3(a).

The defendant first argues before this Court that, because the trial justice determined that his opposition to the vaccine was reasonable,[5] she should have instantaneously ruled in his favor and that her failure to do so effectively "rewrote" the final judgment. The defendant is mistaken.

The relevant terms of the final judgment mandate that both parties will share in all major decisions affecting the health of their children, including the decisions concerning elective medical choices. With respect to disagreements over their children's medical care, the final judgment provides that "[n]either party shall unreasonably withhold his or her consent to medical treatment for the children or the administration of medication recommended by the pediatrician of the children." Contrary to defendant's argument that an objecting parent may "veto" a decision regarding their children's medical treatment, we conclude that neither the marital settlement agreement nor the final judgment requires the Family Court to defer to, and automatically rule in favor of, an objecting party.

Rather, both parties agreed, and the Family Court ordered, that they would share joint legal custody of their children, which implies that the parties and the court

---

[5] We briefly wish to highlight the inaccuracy of defendant's statement. At no point in the decision did the trial justice find that defendant acted reasonably. Instead, she characterized defendant's behavior as *not un*reasonable.

acknowledged "the value of both parents in the physical, emotional, educational, and spiritual development of [the] children * * * [and] presumes that both parents will act and make decisions in the best interests of [the] children's welfare." *Dupré v. Dupré*, 857 A.2d 242, 262 (R.I. 2004). However, when both parents are at an impasse, including times when neither acts unreasonably, their recourse is to return to the Family Court, which has an obligation to decide and resolve the stalemate by considering the best interests of the children. *See Pacheco v. Bedford*, 787 A.2d 1210, 1213 (R.I. 2002) ("[T]he paramount consideration in cases involving visitation rights or custody disputes is the best interests of the child * * *.") (quoting *Burrows v. Brady*, 605 A.2d 1312, 1315 (R.I. 1992)).

Our careful examination of the record indicates that the trial justice properly and thoroughly considered the parties' cross-motions in support of their respective positions. Most notably, the trial justice permitted each party to submit expert testimony that provided a deep insight into Dr. Powers's decision to recommend that the children receive the COVID-19 vaccination, as well as a more empirical perspective from Dr. Bostom related to certain risks associated with the vaccination and its efficacy in children. The trial justice found, at the outset, that this is the first medical decision causing a disagreement between the parties and that they have agreed on, and followed, Dr. Powers's recommendations regarding all other medical decisions until now. Additionally, the trial justice found that the parties chose Dr.

Powers as their children's pediatrician together and that she has served in this role since their births. The trial justice further found that both children have received all prior recommended vaccinations and that neither child possesses an underlying health concern warranting abstention from the COVID-19 vaccine. Moreover, the trial justice found that one of the children has asthma and that this health condition increases her risk of respiratory illness.

We cannot conclude that the trial justice was clearly wrong to accept that Dr. Powers's recommendation is well grounded in her professional experience as well as the guidance provided by the AAP and the CDC. Furthermore, our review of the record satisfies this Court that the trial justice did not improperly exercise her discretion in determining that it is in the best interests of these children to give plaintiff the decision-making authority to follow the advice of Dr. Powers and to receive the COVID-19 vaccine.

After reviewing the testimony, exhibits, and arguments presented by the parties, the trial justice thoroughly outlined her analysis in a well-reasoned decision. Specifically, she declined to find that defendant had violated the final judgment based on her determination that his conduct was not unreasonable. Further, she correctly noted that the final judgment fails to mandate an outcome for this dispute and properly analyzed the best interests of the children in her resolution. In her assessment of the children's best interests, she noted her reliance on Dr. Powers's

expertise and prior knowledge of the children while declining to rely on the conclusions reached by Dr. Bostom's more general knowledge regarding vaccinations. Further, she acknowledged Dr. Bostom's lack of experience treating the children involved in this proceeding.

Nevertheless, defendant asserts that the Family Court's decision erroneously modified the parties' existing custody order. Specifically, defendant asserts that the trial justice failed to find the existence of changed circumstances, and that it is only after making such a finding that she could have considered the best interests of the children. However, it is clear that after reviewing the totality of the evidence, the trial justice determined that the evidence did not support a change in custody for all major decisions affecting the children's health, education, and welfare. As a result, the trial justice limited her decision to allowing plaintiff to comply with the medical recommendations of the children's pediatrician relative to the COVID-19 vaccination. There was no change in custody or modification of the final decree. In fact, the trial justice denied plaintiff's request for a modification and explicitly retained the preexisting custody arrangement. Therefore, we reject defendant's argument that the trial justice changed the parties' custody arrangement or modified the final decree. The parents could not agree on a medical decision for their minor children; therefore, the decision was made for them by the Family Court pursuant to the authority vested therein by § 8-10-3.

Regarding defendant's assertion that the trial justice failed to articulate and apply the factors contained in our best-interests-of-the-child standard, this Court concludes that the Family Court engaged in a proper application of the eight-factor test outlined in *Pettinato v. Pettinato*, 582 A.2d 909 (R.I. 1990).[6] *See Pettinato*, 582 A.2d at 913-14.  At a minimum, the trial justice fairly considered the wishes of both parents, the interaction and interrelationship of the children and their parents with respect to this dispute, the children's health, and the fitness of each parent regarding this medical decision.

Specifically, the record reveals that the trial justice heavily weighed evidence regarding the children's health.  The trial justice thoroughly considered the testimony and recommendations from both Dr. Powers and Dr. Bostom as well as the guidance from the AAP and the CDC recommending that the children receive the COVID-19 vaccination in deciding to allow plaintiff to follow Dr. Powers's recommendation.  The trial justice's reliance on this factor is especially appropriate

---

[6] The defendant's statement filed pursuant to Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure asserts that the trial justice failed to articulate how the "8 factors in the best interest of the child standard" warrant a change in custody providing plaintiff with sole decision-making authority.  However, defendant fails to develop this argument beyond this initial statement.  This Court will not disturb a trial justice's factual findings absent an improper exercise of that justice's discretion. *Vieira v. Hussein-Vieira*, 150 A.3d 611, 615 (R.I. 2016).  Given defendant's lack of meaningful attention to this issue, it is extremely difficult, if not impossible, for this Court to conclude that defendant met his burden in demonstrating that an abuse occurred here. *See Jensen v. Phillips Screw Company*, 546 F.3d 59, 64 (1st Cir. 2008).

because the dispute before her concerned the parents' decision-making regarding their children's health and a decision to receive elective medication. Moreover, the record reveals that the trial justice clearly balanced the medical evidence in favor of and against vaccination. We note, for example, the fact that the trial justice was unable to conclude that defendant acted unreasonably. This clearly demonstrates that the trial justice afforded great weight to, and considered, the wishes and fitness of each parent regarding this decision. Therefore, this Court finds ample evidence supporting the trial justice's consideration of the relevant factors. This is true even though the trial justice did not explicitly address each factor in her decision. *See Andreozzi v. Andreozzi*, 813 A.2d 78, 83 (R.I. 2003) (explaining that this Court does not require a trial justice to refer to the *Pettinato* factors when making a custody determination).

Finally, the trial justice appropriately considered, yet denied, plaintiff's request for full custody and final decision-making authority over the children's medical care and treatment. The trial justice noted that this dispute between the parties is the first of its kind for these parties and also acknowledged the absence of evidence needed for the court to upset the existing joint legal custody arrangement. Based on the trial justice's measured and comprehensive resolution of this issue, we conclude that the trial justice did not abuse her discretion in evaluating the evidence before her relative to the parties' respective requests for relief after final judgment.

While this Court recognizes the personalized and often sensitive nature inherent in making medical decisions for an individual's child, we conclude that the trial justice's factual findings did not overlook or misconceive any aspect of this matter, nor were they otherwise clearly wrong. *See Leon*, 271 A.3d at 989. Accordingly, we affirm the Family Court justice's decision permitting plaintiff to follow the advice of Dr. Powers and vaccinate the parties' children for COVID-19.

### Conclusion

Based on the foregoing, we affirm the decree appealed from, vacate our stay of the Family Court judgment, and remand the record in this matter to the Family Court.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Lauren Nagel v. Joshua Nagel. |
| **Case Number** | No. 2023-66-Appeal.<br>(K 19-1687) |
| **Date Opinion Filed** | May 5, 2023 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Kent County Family Court |
| **Judicial Officer from Lower Court** | Associate Justice Sandra Lanni |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Jesse Nason, Esq. |
| | For Defendant:<br><br>Gregory Piccirilli, Esq. |

SU-CMS-02A (revised November 2022)